LEHMANN, TRUSTEE, *v.* THE ENDOWMENT FUND ASSN.
OF THE UNIVERSITY OF CINCINNATI ET AL.

*Wills—Income from corporate stock for life and principal to remainderman—Stock dividends part of corpus of estate, and not "income."*

Where a testator, by will, bequeaths shares of corporate stock to a trustee in trust, with power to sell and reinvest, and with instructions to pay the entire net income thereof to a specified person for life and at his death to convert the principal into cash and pay same to another, all stock dividends declared on such shares of stock are a part of the corpus of the estate and not the property of the life tenant.

(Decided July 16, 1923.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Carl Lehmann,* for plaintiff.
*Mr. Rufus B. Smith* and *Mr. John G. Weitzel,* for defendant, the Endowment Fund Association of the University of Cincinnati.
*Mr. John V. Campbell* and *Messrs. Manogue, Schorr & Renner,* for defendant, Mollie Lamb.

HAMILTON, J.   The plaintiff, as trustee, under Item VIII of the will of Anna H. Heady, deceased, applied to the Court of Common Pleas for the direction and judgment of that court as to the rights of the defendants to 204 shares of what is called dividend stock of the Richardson Company. The defendant, Mollie Lamb, is the life tenant, and the defendant, the Endowment Fund of the University of Cincinnati, is the remainderman.

Wills, 40 Cyc. p. 1881.

Item VIII of the will is as follows:

"Item 'VIII. All the rest, residue and remainder of my property, both real, personal and mixed, wheresoever situate, I give, devise and bequeath to Carl Lehmann in trust, however, for the following uses and purposes, to-wit:

"1. To care for, manage and control all said property and invest and keep the same invested either in the form in which said property shall exist at the time of my decease or to sell the same or any part thereof and invest the proceeds thereof in such other property or securities as shall by him be deemed advisable, with full powers of re-sale and reinvestment in like manner at all times.

"2. To collect the income, rents and profits accruing to said Trustee Estate and give all necessary and proper receipts and discharges therefor.

"3. After paying all costs, expenses and charges for the management of said Trust Estate, to pay over to Mollie Lamb, a sister of my beloved husband, the entire net income thereof for and during her lifetime, said payments to be in such form and at such times as shall be determined by said Trustee.

"4. At the death of said Mollie Lamb to convert the principal of said Trust Estate into cash and after paying all costs, expenses and charges incident thereto to pay the same to the Endowment Fund Association of the University of Cincinnati in trust and for the purpose of endowing a chair in the Medical Department of said University to be named after my beloved departed husband, Dr. James F. Heady, the selection of the particular chair to be made by the President, the Board

of Trustees and the Dean of the Medical Department of said University.

"5. For the purpose of carrying out the terms and provisions of this trust, I give and grant unto my said Trustee full power and authority to lease, sell and convey all or any part of said Trust Estate at public or private sale, without any order of any court first had or the resort to any judicial proceedings whatsoever, to such a person or persons, for such amounts and at such terms as shall by him be deemed advisable and to make, execute and deliver to such person or persons any and all necessary or proper papers, leases, deeds, conveyances or other instruments whatsoever and the lessees and purchasers shall not be required to look to the proper application of the proceeds."

Among the assets owned by the testatrix at the time of her death, and still held by the trustee, are 250 shares of the common stock of the Richardson Company. Since the death of the testatrix, and during the continuance of the trust, an additional 204 shares of the common stock were issued by the Richardson Company and received by the trustee. This stock is designated by counsel for the life tenant as dividend stock, while designated by counsel for the Endowment Fund Association as capitalization of surplus.

It is admitted that the surplus was practically all earned during the continuance of the trust.

It is a further fact that the surplus, against which was issued the stock in question, was used in the prosecution and enlargement of the company's business. That this surplus was properly

used and used in good faith by the Richardson Company is also conceded.

The stock was distributed under two resolutions of the board of directors of the Richardson Company, which resolutions are as follows:

"Whereas the Company's surplus as shown upon the books of the Company is in excess of $1,000,000 and whereas it is desired to capitalize $170,000 of said surplus, therefore, be it resolved, that $170,-000 of the Common Capital Stock now held in the Treasury be issued forthwith, and that the same be declared fully paid for at par by charging against the above mentioned item of Surplus. Resolved, further, that certificates for said stock be thereupon issued pro rata to the holders of the Common Stock of the Company of record February 28, 1920. No fractional shares are to be issued; such fractional shares to be taken care of by cash payment."

"Whereas the Company's surplus as shown upon the books of the Company is in excess of $1,000,-000, and whereas as it is desired to capitalize $1,-000,000 of said surplus, therefore, be it resolved, that $1,000,000 of the Common Capital Stock now held in the Treasury be issued forthwith, and that the same be declared fully paid for at par charging the same against the above mentioned item of surplus. Resolved, further, that certificates for said stock be thereupon issued pro rata to the holders of the Common Stock of the Company of record May 24, 1920. No fractional shares are to be issued, but the aggregate of such fractional shares shall be sold to the highest bidder and accounted for in cash to the Common Stockholders in lieu of such fractional shares, bids to be invited

from the stockholders and sent in writing to The Central Trust Company of Cincinnati on or before May 31, 1920.''

On October 29, 1920, the board of directors of the company passed another resolution authorizing the issuance of additional common stock, and the holders of the outstanding common stock of the company were given the right to subscribe for the common stock at par, in proportion to their then holdings of common stock.

Under this last resolution, an additional forty-two shares of the common stock were received by the trustee.

The question for determination then is as to the ownership of the 204 shares of stock, and a cash adjustment of $153.12.

If these stock dividends be treated as representing capital of the Richardson Company, they are part of the corpus of the estate, ultimately to go to the remainderman, the Endowment Fund of the University of Cincinnati. But, if they are income, they belong to the life tenant, Mollie Lamb, one of the defendants.

It is claimed by counsel for the Endowment Fund Association of the University of Cincinnati, the remainderman, that the question is settled by the case of *Wilberding, Admr.,* v. *Miller,* 90 Ohio St., 28, which case grew out of the liquidation of a company in which there was a question of twenty-five thousand dollars par value additional stock surplus received by the trustee, earned during the continuation of the trust, and distributed as stock in a new company. The court held that this stock, based on the surplus earnings was not income, and

that the life tenant was not entitled to receive it. On page 47 in the opinion, the court says:

"Whether the life tenant or the remainderman shall be entitled to a stock dividend declared out of earnings accumulated during a term of years and used by a company in the improvement of its property and business, is a question that has not been determined by this court. Nor has the rule that shall be followed, as between the life tenant and the remainderman, in the distribution of the proceeds of the assets of a corporation on its final dissolution.

"The question has been frequently before the courts of England and some of the states of this country. Three principal rules have been considered. They have been referred to as the English, the Pennsylvania and the Massachusetts rules, respectively. In the subsequent consideration of them in the jurisdictions where first declared, each of them has been modified or changed to a greater or lesser extent."

The court thereupon proceeds to discuss the principles which are directly involved and determinative of this case, and discusses and analyzes the leading cases on the subject, and at page 54 of the opinion arrives at the conclusion above stated.

Counsel for the life tenant argues that the question is not squarely decided in the *Wilberding case,* as that case involved the question of distribution of assets on the dissolution of a corporation. But the well-considered and lengthy opinion of Judge Johnson leads to the conclusion that the Supreme Court was adopting a rule for Ohio for such cases

as that under consideration. We, therefore, feel bound to hold, under this decision, that the stock in question is a part of the corpus of the estate, and not the property of the life tenant.

It has been called to our attention that the Court of Appeals of the Sixth Appellate District, in the case of *Savings Bank & Trust Co.* v. *Clark*, 28 O. C. A., 1, with the *Wilberding case* before it, held to the contrary. We have examined that case, and find that the Court of Appeals of the Sixth District held contrary to the opinion in the case at bar, and we will assume that the Court of Appeals of the Sixth District had the *Wilberding case* before it and arrived at a different construction as to the force of the decision in that case. This being true, we feel it our duty to certify this case to the Supreme Court for decision, as being in conflict with the decision of the Court of Appeals of the Sixth District.

*Decree for plaintiff.*

CUSHING and BUCHWALTER, JJ., concur.